# UNITED STATES DISTRICT COURT
*for the*
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

| | | |
|---|---|---|
| ARDIS BALIS, LORI MADDOX, GAY SANTARSIERO,<br>ANNE MARIE PETRELLI, FRAN FRANCIONE,<br>Plaintiffs, Pro Se | )<br>)<br>)<br>)<br>) | |
| v. | )<br>) | Civil Action No.<br>2:20-cv-435-7+M-29.NPM |
| JOHN MARTIN, HEATHER MARTIN, LOU FRANCO,<br>ALEX CHEPURNY,<br>ANGIE AGRO, VINCE AGRO,<br>DAN BEGIN, DONNA BEGIN,<br>KATHERYN CARHART, SUSAN PERRIER,<br>JOHN CARHART, and SHERYL FRANCO,<br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>) | |

## COMPLAINT AND REQUEST FOR INJUNCTION

I.  The Parties to This Complaint

    A.  The Plaintiffs

> Ardis Balis
> 22375 Edgewater Dr.107
> Punta Gorda, FL  33980
> (917) 605-0727
> Ardis.balis@yahoo.com

2020 JUN 19 PM 2:00
FILED

Lori Maddox
22375 Edgewater Dr.106
Punta Gorda, FL  33980
(941) 204-3668
Lorikristi@yahoo.com

Gay Santarsiero
22375 Edgewater Dr.208
Punta Gorda, FL  33980
(917) 605-0727
gSantarsiero726@gmail.com

Anne Marie Patrelli
22375 Edgewater Dr.115
Punta Gorda, FL  33980
(941) 276-1372
AnneRomano1943@gmail.com

Frances Francione
22375 Edgewater Dr.135
Punta Gorda, FL  33980
(917) 605-0727
FrancesF126@gmail.com


B.      The Defendants

John Martin
38 Belair Dr.
Hamilton, ON L9A 2Z4
CANADA
heatherm@martin-stewart.com

Heather Martin
38 Belair Dr.
Hamilton, ON L9A 2Z4
CANADA
heatherm@martin-stewart.com

Lou Franco
114 Delmar Drive
Hamilton, ON L9C 1J9
CANADA
L1Franco@hotmail.com

Alex Chepurny
182 Mount Albert Rd
Holland Landing, ON L9N 1K5
CANADA
Carolanne.prentice@sympatico.ca

Vince Agro
105 Winston Ave
Hamilton, ON L8S 2S7
CANADA
(941) 629-8988

Angie Agro
105 Winston Ave
Hamilton, ON L8S 2S7
CANADA
(941) 629-8988

Dan Begin
105 Winston Ave
Hamilton, ON L8S 2S7
CANADA
(941) 629-8988
BeginDan@yahoo.com

Donna Begin
105 Winston Ave
Hamilton, ON L8S 2S7
CANADA
(941) 629-8988
BeginDan@yahoo.com

Kathryn Carhart
62 Beverley St. R.R.#2
Swastika, ON P0K 1T0
CANADA
(705) 642-7200
KathyCarhart@yahoo.com

John Carhart
62 Beverley St. R.R.#2
Swastika, ON P0K 1T0
CANADA
(705) 642-7200
JohnCarhart@gmail.com

Sheryl Franco
633 Park Rd, Unit #2
Brantford, ON N3R 8B6
CANADA
(529) 756-7778
SheFranco@yahoo.com

Susan Perrier
16 Hackberry Trail
Carleton Place, ON K1C 0B1
CANADA
(623) 492-0665

II.     Basis for Jurisdiction:

The Basis for Jurisdiction Is Diversity of Citizenship

1.      The Plaintiffs are individuals:

Ardis Balis is a citizen of the State of Florida.

Additional Florida plaintiffs are set forth on Exhibit A.

2.      The Defendants are individuals:

John Martin is a citizen of the foreign nation, Canada.

Additional Foreign National defendants are set forth on Exhibit B.

3.      The amount in controversy is over $75,000, not counting interest and costs

of court, because (i) defendants' wrongful actions have materially reduced the sales price of the

plaintiffs' condominiums, (ii) plaintiffs' wrongful actions are continuing without abatement

precluding any fair market value sales price for the condominiums making sales at fair market

value impossible,  (iii)  defendants continuing intimidation and harassment of plaintiffs has

caused serious emotional distress and physical damages to plaintiffs (EXHIBIT C), (iv)

defendants wrongful closure and continuing closure of the Amenities of the condominium,

including the club house, rest rooms, laundry and pool, have caused (a) physical harm to

plaintiffs who require the pool for their safe exercises, (b) severe emotional distress to the retiree

plaintiffs, who expect their Amenities, including the pool, rest rooms and laundry, to be open to

them,  (c) breach of contract by the defendants by failing to open and maintain the Amenities as

required, and (d) substantial loss in value of plaintiffs' condominium units which realtors will

not now show to potential buyers because of wrongful action of defendants. (EXHIBIT D).

III.  Statement of Claim:

      a.     The Defendants, all Foreign Nationals, reside in Canada.  In contravention of a

board resolution to open the pool and related Amenities (the pool, club house, rest rooms and

laundry room) the defendants wrongfully closed the Amenities indefinitely and in doing so

breached their contract with unit owners to provide those Amenities. To seek compliance with

these wrongful closures, the defendants have maintained a program of intimidation and deceit.

As a direct consequence of these wrongful actions, potential buyers are unable to see the

property in its entirety. (EXHIBIT E).  This closure has nothing to do with anything other than

the fact defendants are foreign nationals who have no use for the Amenities up to 9 months a

year. Intimidation tactics have been used by defendants for many years as a means to control

defendants and other Unit Owners from using the Amenities.  Realtors are now avoiding the

Edgewater Village Complex due to their inability to show potential buyers the entire property as advertised. This also applies to potential renters who are not interested in renting condos if the pool or other advertised Amenities are not going to be open for their use. Plaintiffs are presently losing prospective tenants due to the wrongful closure of the pool and other Amenities forcing potential buyers and / or tenants to look elsewhere to rent or buy. (EXHIBIT F)

      b.     Plaintiff Ardis Balis is Vice President (EXHIBIT G) and Director at the Edgewater Village Condominium Association and acting president in the absence of the president (EXHIBIT H). Defendant John Martin, the president, resides in Hamilton, Canada. In his absence, Plaintiff Ardis Balis has assumed the office of President in accordance with the Association's Bylaws. The Association's Bylaws state that the Vice President, Ardis Balis assumes the presidency of the Association. Contrary to Ardis Balis' direction, the Association's handyman, Jim Ardolino has been directed wrongly by defendant John Martin to keep all facilities closed indefinitely – denying each plaintiff the right to use any or all the Amenities. (EXHIBIT E).

      c.     The issues described herein became acute and unconscionably abusive in early June when defendants left Edgewater Village and returned to their homes in Canada. Inasmuch as defendants had no further use for the local condo Amenities, they entered into a *take no prisoners* approach to closing all the Amenities. It was their assertion that in Canada that since facilities are closed there, that Americans should adhere to Canadian protocols. Of course, Florida is not Canada and their ways should not be imposed on US citizens living in Port Charlotte. Governor DeSantis has by Executive Order decreed that pools in Charlotte County and throughout the State may be opened as of June 2nd.

## IV. Irreparable Injury

Monetary damages at a later time would not adequately compensate the plaintiffs because no amount of monetary damage can reimburse plaintiffs for the loss of their access to the Amenities, especially during the summer months. Plaintiffs are experiencing, as a result of the wrongful closure, severe emotional and mental problems, physical therapy programs are having to be eliminated, and the possible opportunity to use the pool at a later date simply cannot undue the damages sustained by the wrongful closure of the Amenities now.

In addition, monetary damages at a later time would not adequately compensate the plaintiffs who had to turn away prospective buyers or renters because the Amenities have not been available for potential buyers or renters to evaluate. Selling property is a personal decision, and certain plaintiffs want to sell now, not at some future indeterminate date when the defendants decide, if ever, to open the Amenities.

Furthermore, monetary damages at a later time would not adequately compensate the plaintiffs as real estate brokers are avoiding showings at the Edgewater Village and there is absolutely no assurance that in face of these closures real estate brokers will resume showing the properties at would otherwise be fair market values. Corrective measures to open the Amenities simply cannot wait for the defendants to possibly reverse their wrongful actions.

## V.    Relief

Injunctive Relief:

Without immediate injunctive relief barring the defendants from closing the Amenities, plaintiffs will be without a pool, club house, laundry and other Amenities indefinitely.

Compensatory Damages:

The plaintiffs seek compensatory damages of $350,000 based on the wrongful closure of the Amenities and the abusive conduct of the defendants. The Amenities remain closed and the contumelious treatment of plaintiffs continues unabated. The handy man, Jim Ardolino, under the orders of defendant Martin changed the locks to all the Amenities to insure all Unit Owners residing at EWV remain locked out indefinitely of all Amenities. Plaintiffs have experienced the loss of potential sales and substantial reduction in fair market value of the condominium units. In addition, plaintiffs have experienced mental distress and physical harm as a result of the Amenities' closure. There is no legal justification for defendants to close the Amenities.

Punitive Damages:

Plaintiffs seek punitive damages of $1,000,000 based on the fact that the actions taken by the defendants constitutes knowing, intentional interference with the plaintiffs' use and enjoyment of the condominium complex. Such abusive and shocking conduct has been systematic for many years. The plaintiffs are retirees (in their 60's, 70's and 80's) who simply wish to use the facilities they bargained for when they purchased their units. Punitive damages must be assessed in order to punish the defendants for their abusive behavior, gross negligence, malfeasance, misfeasance and wanton disregard for the interests and rights of plaintiffs; and to deter the defendants and others from engaging in conduct similar to that which formed the basis of this request for a temporary restraining order, injunction and damages.

VI. Certification and Closing

Under Federal Rule of Civil Procedure ll, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or

reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (5) the complaint otherwise complies with the requirements of Rule 11.

For Parties Without an Attorney:

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case:

Date of signing: June 19, 2020

Signature for Pro Se Plaintiff

*Printed Name of Plaintiff* ARDIS BALIS, PRO SE