UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARDIS BALIS, LORI MADDOX,
GAY SANTARSIERO, ANNE MARIE
PATRELLI,    and    FRANCES
FRANCIONE,

       Plaintiffs,

v.                       Case No:  2:20-cv-435-FtM-29NPM

JOHN MARTIN, HEATHER MARTIN,
LOU FRANCO, ALEX CHEPURNY,
VINCE AGRO, ANGIE AGRO, DAN
BEGIN, DONNA BEGIN, KATHRYN
CARHART,    JOHN    CARHART,
SHERYL  FRANCO,  and  SUSAN
PERRIER,

       Defendants.

_____

### ORDER

    This matter comes before the Court on plaintiffs' Motion for Temporary Restraining Order (Doc. #2) filed on June 19, 2020.  For the reasons set forth below, the motion is denied as moot.

### I.

    This federal action was purportedly[1] initiated by plaintiffs Ardis Balis, Lori Maddox, Gay Santarsiero, Anne Marie Petrelli, and Fran Francione (collectively, Plaintiffs) on June 19, 2020. (Doc. #1.)   The Complaint asserts a claim or claims[2] against

---

[1] As noted below, Ardis Balis is the only proper plaintiff to this action.

[2] The Complaint contains no titled cause of action, and it is unclear to the Court precisely what claims the Complaint asserts.

defendants John Martin, Heather Martin, Lou Franco, Alex Chepurny, Angie Agro, Vince Agro, Dan Begin, Donna Begin, Katheryn Carhart, Susan Perrier, John Carhart, and Sheryl Franco (collectively, Defendants).  As best the Court can gather, Plaintiffs are full-time residents at the Edgewater Village (Edgewater) condominium complex in Punta Gorda, Florida, and Defendants are part-time Edgewater residents who live full-time in Canada.  (Doc. #1, pp. 5-6.)

The Complaint alleges that Defendants improperly closed all access to the Edgewater building's amenities.  (Id. pp. 5-7.)  The Complaint seeks "compensatory damages of $350,000 based on the wrongful closure of the Amenities and the abusive conduct of the defendants" and also seeks "punitive damages of $1,000,000 based on the fact that the actions taken by the defendants constitute[] knowing, intentional interference with the plaintiffs' use and enjoyment of the condominium complex."  (Id. p. 8.)

The Complaint alleges that diversity jurisdiction is proper in this case because (1) Plaintiffs are citizens of Florida; (2) Defendants are citizens of Canada; and (3) "[t]he amount in controversy is over $75,000."  (Id. pp. 4-5.)  As to the amount in controversy, the Complaint asserts such amount exceeds $75,000

---

The Complaint appears to allege a breach of contract claim, (Doc. #1, p. 5), and may assert other claims, as it alleges "intimidation and harassment of plaintiffs" and "severe emotional distress to the [] plaintiffs" (id.).

because Defendants' actions "have materially reduced the sales price of the plaintiffs' condominiums," "preclude[ed] any fair market value sales price for the condominiums," and caused "serious emotional distress and physical damages to plaintiffs."  (Id.)

## II.

Before assessing the merits of the instant motion, the Court *sua sponte* addresses whether it has subject matter jurisdiction over this action.  Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Although the Complaint's caption indicates it was filed by five plaintiffs, it is only signed by Ardis Balis (Balis), who is proceeding pro se.  (Doc. #1, p. 9.)  Because the Complaint contains no suggestion that Balis is an attorney, Balis may not sign the Complaint and assert claims on behalf of the other purported plaintiffs.  See Fed. R. Civ. P. 11(a)("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented."); see also Turner v. Cunningham, No. 08-0249-WS-M, 2008 WL 2157113, at *1 n.2 (S.D. Ala. May 20, 2008)("One [pro se] plaintiff cannot sign on behalf of the others, for the simple

reason that a pro se plaintiff cannot represent other pro se plaintiffs in legal proceedings in federal court.").

Balis is thus the only proper plaintiff to this action.  And aside from conclusory allegations that Balis sustained damages in excess of $75,000 because of Defendants' actions, the Complaint contains no allegations indicating that the amount in controversy as to Balis exceeds $75,000.[3]  The Court therefore finds Balis has failed to invoke diversity jurisdiction.  See Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007)("A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." (alteration in original)).  Because the Complaint contains no basis for invoking federal question jurisdiction, the Court lacks subject matter jurisdiction over this case.

The Complaint is therefore dismissed without prejudice and the Motion for Temporary Restraining Order is denied as moot.[4]

---

[3] While the Complaint demands $1,000,000 in punitive damages for Defendants' "knowing, intentional interference with the plaintiffs' use and enjoyment of the condominium complex," (Doc. #1, p. 8), the Complaint cites to no legal theory or statute allowing for such recovery.

[4] Even if Balis had properly alleged the requisite amount in controversy, Balis would still not be entitled to a temporary restraining order at this time.  Aside from conclusory assertions, the motion fails to substantively address any of the four prerequisites to the issuance of a temporary restraining order.

<u>Univ. of S. Alabama</u>, 168 F.3d at 410; Fed. R. Civ. P. 12(h)(3).

Plaintiffs will be provided an opportunity to state the presence

of federal jurisdiction pursuant to 28 U.S.C. § 1653 by filing an

Amended Complaint, if they are able to do so.

Accordingly, it is hereby

**ORDERED:**

1.   The Complaint (Doc. #1) is **DISMISSED without prejudice.**

2.   The Motion for Temporary Restraining Order (Doc. #2) is

**DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of

June, 2020.

_____

JOHN E. STEELE

SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

- 5 -