```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GAY SANTARSIERO, LORI
MADDOX, LINDA SQUADRITO,
FRANCES FRANCIONE, ARDIS
BALIS, AND ANNE MARIE
PETRILLI,

        Plaintiffs,

v.                         Case No:   2:20-cv-00435-FtM-29NPM

JOHN MARTIN, HEATHER MARTIN,
LOU FRANCO, ALEX CHEPURNY,
VINCE AGRO, ANGIE AGRO, DAN
BEGIN, DONNA BEGIN, KATHRYN
CARHART, JOHN CARHART,
SHERYL FRANCO, and SUSAN
PERRIER,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #35) filed on October 16, 2020. Defendants filed a Reply in Opposition to the Emergency Motion (Doc. #36) on October 20, 2020, and plaintiffs filed a Response (Doc. #37) on October 21, 2020. On November 16, 2020, Plaintiffs filed an Emergency Request for Status of the Motion. (Doc. #39.)

Plaintiffs move the Court for an order restraining defendants John Martin, Lou Franco, Alex Chepurny, and Sheryl Franco from the following:

(1) Conducting an election in Canada for directors of the Edgewater Village Condominium Association scheduled for November 17, 2020; and

(2) Entering into or carrying out "any other agreements or arrangements which would result in the furtherance of their wrongful election process."

(Doc. #35, pp. 1-2, 9.)

In Reply, Defendants argue that the Emergency Motion should be dismissed due to lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and because plaintiffs have waived their right to challenge the validity of the current Board of Directors and its authority to schedule the Annual General Meeting and Election of the Association pursuant to Florida Statute § 718.112(2)(d). (Doc. #36, pp. 1-5.) Defendants also point to a recent Order by the Twentieth Circuit Court in Charlotte County, Florida, that enjoined plaintiff Ardis Balis from conducting the unauthorized meeting and/or election on November 11, 2020, in arguing that plaintiffs have no legal authority to initiate the election process for the Association's Board of Directors. (Doc. #36, pp. 5-6; Doc. #36-5; Doc. #36-6.)

For the reasons set forth below, the motion is denied.

I.

On July 8, 2020, pro se plaintiffs Gay Santarsiero, Lori Maddox, Linda Squadrito, Frances Francione, Ardis Balis, and Anne Marie Petrilli (collectively plaintiffs)[1] filed a ten-count Amended Complaint (Docs. ##5, 35-1).[2] The Amended Complaint includes claims for breach of contract (Count I), intentional infliction of emotional distress (Count II), harassment (Count III), defamation (Count IV), wrongful conversion of property (Count V), "board action beyond its authority" (Count VI), voter fraud (Count VII), sexual harassment (Count VIII), "failure to provide requested documents/destruction of material documents" (Count IX), and negligence (Count X). (Doc. #35-1, pp. 13-22.)

The Amended Complaint alleges that plaintiffs are full-time residents at the Edgewater Village (Edgewater) condominium complex in Punta Gorda, Florida, and defendants John Martin, Heather

---

[1] In the Amended Complaint, Sue Huchin is identified as one of the plaintiffs in this matter. (Doc. #35-1, p. 3.) However, the Court's records indicate that on August 19, 2020, Ms. Huchin filed a Notice of Voluntary Dismissal of the Amended Complaint, dismissing all of her causes of action against all Defendants without prejudice. (Doc. #20.) On August 25, 2020, the Court endorsed an Order terminating Ms. Huchin as a party in this case. (Doc. #23.) The Court will therefore disregard any of Ms. Huchin's purported claims set forth in the Amended Complaint.

[2] Plaintiffs initially filed a Complaint and Motion for Temporary Restraining Order (Docs. ##1, 2) on June 19, 2020. The Court found that it did not have subject matter jurisdiction. (Doc. #4, pp. 2-4.) The Court dismissed the Complaint without prejudice and denied the Motion for Temporary Restraining Order as moot on June 24, 2020. (Id., pp. 4-5.)

Martin, Lou Franco, Alex Chepurney, Angie Agro, Dan Begin, Donna Begin, Susan Perrier, Kathryn Carhart, John Carhart, and Sheryl Franco (collectively defendants) are part-time Edgewater residents who live full-time in Canada. (Doc. #35-1, pp. 3-14.) In addition, some of the named plaintiffs and defendants serve on the board of the Edgewater Village Condominium Association, Inc. (the Association).[3] (Doc. #35, p. 2; Doc. #35-1, pp. 6-7.)

The Amended Complaint alleges that defendants have improperly closed all access to Edgewater's common areas and amenities in violation of the Association's rules and failed to maintain such areas. (Doc. #35-1, pp. 3, 7-8.) Plaintiffs further allege that defendants have failed to retain the required flood insurance for Edgewater, engaged in abusive and harassing conduct directed towards plaintiffs, and committed voter fraud, among other things. (Id., pp. 3-14.) Plaintiffs seek compensatory damages "in whatever amount in excess of $350,000," punitive damages "in whatever amount in excess of $1,000,000,"[4] and an order "enjoining/restraining

---

[3] The Amended Complaint identifies plaintiff Ardis Balis as "Vice President, Acting President" of the Association. It further identifies defendant John Martin as the President of the Association (when on premises), defendant Lou Franco as the treasurer and director on the board of the Association, and Alex Chepurny as a director on the Association's board. (Doc. #35-1, pp. 6-7.)

[4] Plaintiffs seek punitive damages "in order to send a message to the defendants intended to preclude defendants (and others similarly situated) from continuing or initiating abusive and harassing behavior of pro se plaintiffs and EWV unit owners and others similarly situated." However, the Amended Complaint does

defendants . . . from further acts of harassment and retaliation against each of the pro se plaintiffs . . ." (Doc. #35-1, pp. 23-24.)

**II.**

The Court may enter a preliminary injunction or temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 65; Squitieri v. Nocco, No. 8:19-cv-906-T-36AAS, 2019 U.S. Dist. LEXIS 169099, at *8 (M.D. Fla. July 18, 2019). The purpose of a temporary restraining order, as well as preliminary injunctive relief, is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989)); Gasper v. Barr, No. 20-61128-CV, 2020 U.S. Dist. LEXIS 110775, at *6 (S.D. Fla. June 23, 2020). "This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual [amended] complaint." Gasper, 2020 U.S. Dist. LEXIS 110775 (citing Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

To obtain a temporary restraining order, a party must demonstrate that (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the

---

not cite to any legal theory or statute allowing for such recovery. (Doc. #35-1, pp. 5-6.)

relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) the entry of the relief would serve the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); Haile v. Bombulie, No. 17-14332-Civ, 2017 U.S. Dist. LEXIS 165431, at *20-21 (S.D. Fla. Oct. 4, 2017). The moving party bears the burden of proof on each requirement.

The Court finds that plaintiffs' Emergency Motion is not related to any of the allegedly wrongful conduct set forth in the ten-count Amended Complaint. While plaintiffs allege in the Count VII of the Amended Complaint that defendants Franco and Martin committed voter fraud in the past by improperly opening ballots, this is wholly unrelated to the issue of who may conduct the Annual General Meeting and Election of the Association in November 2020. See Gasper, 2020 U.S. Dist. LEXIS 110775, at *6-7 (denying petitioner's motion for injunctive relief as it was unrelated to the conduct complained of in any complaint or suit before the court.)

Additionally, the Court concludes that Plaintiff has not established the requirements justifying a temporary restraining order. Plaintiffs have not established that they are substantially likely to succeed on the merits of their claim that Ardis Balis, as the purported Vice President of the Association, is permitted to hold an election of the Association's Board at will, and without

other board members present, even if during a pandemic. (Doc. #35, p. 8; Doc. #35-5, pp. 1-5.) Plaintiffs also do not address the propriety of an extraterritorial application of a court order to citizens of and in another country. Plaintiff's Emergency Motion For Temporary Restraining Order and Preliminary Injunction is hereby denied.

Accordingly, it is hereby

**ORDERED**:

1. The Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #35) is **DENIED**.
2. The Emergency Request for Status of the Motion for Temporary Restraining Order (Doc. #39) is **DENIED as moot**.

**DONE** and **ORDERED** at Fort Myers, Florida, this __17th__ day of November, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record