UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAY SANTARSIERO, LORI
MADDOX, LINDA SQUADRITO,
FRANCES FRANCIONE, ARDIS
BALIS, AND ANNE MARIE
PETRILLI,

        Plaintiffs,

v.                          Case No:  2:20-cv-00435-FtM-29NPM

JOHN MARTIN, HEATHER MARTIN,
LOU FRANCO, ALEX CHEPURNY,
VINCE AGRO, ANGIE AGRO, DAN
BEGIN, DONNA BEGIN, KATHRYN
CARHART,    JOHN    CARHART,
SHERYL  FRANCO,  and  SUSAN
PERRIER,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #26) filed on September 1, 2020, to which plaintiffs filed an Opposition Memorandum (Doc. #32) on October 1, 2020. For the reasons set forth below, the Motion to Dismiss is granted, the Amended Complaint is dismissed (mostly without prejudice), and plaintiffs are granted leave to file a second (and final) amended complaint if they choose to do so.

# I.

Six *pro se* Florida plaintiffs[1] allege that twelve Canadian defendants - John Martin, Heather Martin, Lou Franco, Alex Chepurney, Vince Argo, Angie Agro, Dan Begin, Donna Begin, Susan Perrier, Kathryn Carhart, John Carhart, and Sheryl Franco (collectively defendants) - have improperly closed all access to the Edgewater Village (Edgewater) condominium complex's common areas and amenities, in violation of the Edgewater Village Association's rules, and have failed to maintain such areas. (Doc. #35-1, pp. 3, 7-8.)[2] Plaintiffs further allege that defendants have failed to retain the required flood insurance for Edgewater, have engaged in abusive and harassing conduct directed towards various plaintiffs, and have caused plaintiff Petrilli to sell her condo at a loss of $62,000.  (Id., pp. 3-14.)  Based on this alleged misconduct, the Amended Complaint sets forth ten claims against some or all defendants: breach of contract (Count I); intentional

---

[1] Sue Huchin, who is identified as one of the plaintiffs in the Amended Complaint, sought voluntary dismissal of all her causes against defendants, which the Court granted on August 25, 2020. (Doc. #35-1, p. 3; Doc. #20; Doc. #23.) The Court therefore disregards any of Ms. Huchin's claims set forth in the Amended Complaint.

[2] Plaintiffs have filed two copies of their Amended Complaint. (Docs. ##5, 35-1.) One of the copies initially submitted to the Court (Doc. #5), however, is incomplete (missing pages 2 and 15). Consequently, the Court will refer to the complete copy (Doc. #35-1) of the Amended Complaint.  Page numbers cited by the Court refer to the page numbers added by the Court computer system at time of filing at the upper right-hand corner of the document.

infliction of emotional distress (Count II); harassment (Count III); defamation (Count IV); wrongful conversion of property (Count V); "board action beyond its authority" (Count VI); voter fraud (Count VII); sexual harassment (Count VIII); "failure to provide requested documents/destruction of material documents" (Count IX); and negligence (Count X). (Doc. #5; Doc. #35-1, pp. 13-22.) Plaintiffs seek compensatory damages "in whatever amount in excess of $350,000," and punitive damages "in whatever amount in excess of $1,000,000." (Doc. #35-1, pp. 23-24.)

Defendants seek dismissal of all counts in the Amended Complaint because of the lack of subject matter jurisdiction, the failure to state claims upon which relief may be granted, various pleading shortcomings, and the failure to comply with a condition precedent to filing suit. (Doc. #26, pp. 1-3.) After discussing subject matter jurisdiction, the Court will address the arguments as to each count in turn.

## II.

Subject matter jurisdiction in this case is premised on a form of diversity jurisdiction. (Doc. #35-1, ¶¶ 2-4.) Article III of the United States Constitution provides, in relevant part, that the federal judicial power "shall extend to [suits] . . . between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." U.S. CONST. art. III, § 2. To implement this constitutional authorization, Congress has provided that "[t]he

district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(2) citizens of a State and citizens or subjects of a foreign state, . . ." 28 U.S.C. § 1332(a)(2). "Alienage diversity, like general diversity under 28 U.S.C. § 1332(a)(1), must be complete; an alien on both sides of a dispute will defeat jurisdiction." Caron v. NCL (Bahamas), Ltd., 910 F.3d 1359, 1364 (11th Cir. 2018). "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011)(citation omitted). If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Amended Complaint alleges that complete diversity exists between the parties because all plaintiffs are citizens of Florida, while all defendants are citizens of Canada. (Doc. #35-1, ¶¶ 2, 3.) Reading the Amended Complaint liberally in light of plaintiffs' *pro se* status, it is plausible that if all counts are actionable at least one plaintiff satisfies the $75,000 threshold amount, as required. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1262 (11th Cir. 2000); Lowery v. Ala. Power Co., 483 F.3d 1184, 1198 n.31 (11th Cir. 2007).

- 4 -

Defendants argue, however, that complete diversity does not exist because the Edgewater Condominium Association is an indispensable defendant whose presence, as a Florida citizen, will destroy complete diversity of citizenship.  (Doc. #26, pp. 3-4.) As discussed below, however, the Condominium Association is not an indispensable party as to any count, and therefore subject matter jurisdiction plausibly appears at present to exist.  Contrary to defendants' argument (Doc. #26, pp. 4-5), defendants' ownership of property in Florida, plaintiffs' residency in Florida, and the lack of a pre-filing arbitration proceeding do not impact the existence of subject matter jurisdiction.  After review of the sufficiency of the counts, however, the amount in controversy appears to be reduced below the jurisdictional amount as to the remaining counts.

### III.

Under Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Generally, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting Fed. R. Civ. P.

8(a)(2)).  Although  this  pleading  standard  "does  not  require 'detailed  factual  allegations,'  .  .  .  it  demands  more  than  an unadorned,   the-defendant-unlawfully-harmed-me   accusation." Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Pleadings  must  contain  "more  than  labels  and  conclusions,  and  a formulaic  recitation  of  the  elements  of  a  cause  of  action  will  not do." Twombly, 550 U.S. at 555. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiffs and take the factual allegations therein as true. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

A *pro se* Amended Complaint is to be liberally construed and held  to  less  stringent  standards  than  complaints  drafted  by lawyers, but "this leniency does not give a court license to serve as  de  facto  counsel  for  a  party,  or  to  rewrite  an  otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014); Stephens v. DeGiovanni, 852 F.3d 1298, 1319 n.16 (11th Cir. 2017).

**IV.**

Because this is a diversity action, 28 U.S.C. § 1332(a)(2), the Court applies Florida substantive law and federal procedural law.  Georgia Dep't of Admin. Services v. Zhang, 819 F. App'x 684, 687 (11th Cir. 2020).

**A. Count I — Breach of Contract**

Count I asserts a breach of contract claim against "defendants" because they "deprived pro se plaintiffs of their right to the use of the common elements, including the pool, laundry, club house, rest rooms, tennis courts, and the other common elements" and "failed to maintain the common elements." (Doc. #35-1, ¶¶ 55-56.)  Plaintiffs assert that they have paid their monthly fees and are therefore entitled to access to and proper maintenance of common areas.  (Id. at ¶ 57.)  Count I further states that "[i]t is the responsibility of the Condominium Association to make sure that all the common areas (the common elements) . . . are all functioning and well-maintained," citing Florida Statute § 718.303(1). (Id. at ¶ 54.)

Defendants first maintain that the Court lacks subject matter jurisdiction because the Edgewater Condominium Association is an indispensable party whose presence would destroy complete diversity.  See Fed. R. Civ. P. 19(a). It is certainly correct that the Association has a continuing duty to maintain the common elements.  See § 718.113(1), Fla. Stat. (2019) ("Maintenance of the common elements is the responsibility of the association."); see also Bailey v. Shelborne Ocean Beach Hotel Condo. Ass'n, Inc., 45 Fla. L. Weekly D1684 (Fla. 3d DCA July 15, 2020); Escadote I Corp. v. Ocean Three Condo. Ass'n, Inc., 45 Fla. L. Weekly D2267 (Fla. 3d DCA Oct. 7, 2020).  That notwithstanding, the basis of

the claim in Count I is that there was a contractual agreement between plaintiffs and all the defendants which required the defendants to maintain the common areas. Consequently, the Association is not an indispensable party as to this claim.

The problem with the claim, however, is that it fails to properly state a cause of action against the defendants. Under Florida law, a breach of contract claim requires the existence of a valid contract between the parties, a material breach of that contract, and resulting damages. Havens v. Coast Fla., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). Count I fails to identify a contract to which any of the defendants were a party, or how such a contract was breached, or the damages plaintiffs suffered as a result of the breach. Thus, plaintiffs have failed to state a claim upon which relief may be granted because they have not properly asserted any of the required elements as to any defendant.

Plaintiffs argue that the named defendants are the proper parties, rather than the Edgewater Association or its board, because the individual defendants wrongfully injured plaintiffs for years. (Doc. #32, p. 6.) Even assuming this is so, it does not justify a breach of contract claim where there has been no contract identified which binds any defendant.

Defendants also assert dismissal of Count I is proper under Florida Statute § 718.2255(4)(a) because, as a condition precedent to filing suit, plaintiffs must submit to non-binding arbitration

prior to engaging in litigation. (Doc. #26, p. 6.)  However, the "disputes" covered by Section 718.2255 do not include disagreements about access to and maintenance of common areas and elements. See §§ 718.2255(1)(a)-(c).  Therefore, this is not a pre-condition to plaintiffs filing this claim.

Additionally, Count I (and virtually all the other counts) suffers from several pleading defects which must be corrected if plaintiffs file a second amended complaint.  Plaintiffs generally allege that "defendants" deprived them of their right to use Edgewater's common elements and failed to maintain the elements. (Doc. #35-1, ¶¶ 55-56.)  Since there are twelve defendants in this case, the Court finds that "[b]y lumping all the defendants together in [this] claim and providing no factual basis to distinguish their conduct, [the plaintiffs' amended] complaint fail[s] to satisfy this minimum standard [in Rule 8(a)(2)]." Pierson v. Orlando Reg'l Healthcare Sys., 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009); see Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (dismissal appropriate for pleading deficiencies when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act.")  Each count must identify by name the defendant who is alleged to be liable for the conduct described in the count, and set forth plausible facts showing the liability of

each named defendant. Fed. R. Civ. P. 8; See Pierson, 619 F. Supp. 2d at 1273 (stating that Rule 8 requires that a complaint provide fair notice to each defendant of the plaintiff's claim and the grounds upon which it rests).

Also problematic, plaintiffs incorporate all of the preceding paragraphs into Count I when not all paragraphs are relevant to that count.  For example, paragraphs 33-39, 43-45, and 48-52 appear to have no bearing on the breach of contract claim.  This overbroad incorporation of background paragraphs would not on its own require dismissal, Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1324 (11th Cir. 2015), but should not be repeated if plaintiffs file a second amended complaint.  As discussed below, incorporating prior counts into those which follow does require dismissal.

For the reasons set forth above, Count I is dismissed without prejudice pursuant to Rule 12(b)(6).

### B. Count II — Intentional Infliction of Emotional Distress

Count II alleges that "defendants" intentionally or recklessly "engaged in extreme and outrageous conduct, which went beyond all possible bounds of decency." (Doc. #35-1, ¶¶ 59-60.) The only conduct identified in the count is the following purported statement from defendant Lou Franco:

> [Y]ou all made a terrible mistake filing a lawsuit
> against me . . . First, I intend to expose your true
> self to either your landlord, employer, priest,

Charlotte County, and all owners in our complex, and the second will come at the appropriate time. This lawsuit has awakened the beast . . . in the Canadians.

(Id., ¶ 62.)  Plaintiffs assert that as a direct result, they suffered "emotional distress." (Id., ¶ 61.)

In order to state a cause of action for intentional infliction of emotional distress in Florida, plaintiffs must allege and ultimately prove (1) intentional or reckless conduct (2) that is "outrageous" in that it is "beyond all bounds of decency" and "utterly intolerable in a civilized community" (3) and that causes the victim emotional distress (4) that is "severe." Kim v. Jung Hyun Chang, 249 So. 3d 1300, 1305 (Fla. 2d DCA 2018)(citations omitted). "Whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law, not a question of fact." Escadote I Corp. v. Ocean Three Condo. Ass'n, Inc., 45 Fla. L. Weekly D2267 (Fla. 3d DCA Oct. 7, 2020), quoting Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 595 (Fla. 2d DCA 2007). "[S]evere emotional distress means emotional distress of such a substantial quality or enduring quality[ ] that no reasonable person in a civilized society should be expected to endure it." Kim, 249 So. 3d at 1305.

The Court finds the allegations in Count II are insufficient to state a plausible cause of action for intentional infliction of emotional distress.  The conduct identified in Count II is not outrageous and is not alleged to have caused severe emotional

distress.  "Liability . . . does not extend to mere insults, indignities, threats, or false accusations" <u>Williams v. Worldwide Flight Servs.</u>, 877 So. 2d 869, 870 (Fla. 3rd DCA 2004), such as those alleged to have been made by defendant Franco.  <u>See also</u> <u>Lay v. Roux Laboratories</u>, 379 So. 2d 451 (Fla. 1st DCA 1980) (using humiliating language, vicious verbal attacks and racial epithets insufficient as predicate for claim of intentional infliction of emotional distress).

Count II also suffers from several pleading defects which must be avoided if a second amended complaint is filed.  As with Count I, plaintiffs assert that "defendants" engaged in extreme and outrageous conduct.  With the exception of defendant Lou Franco, Count II lumps all the defendants together and provides no factual basis for their individual conduct or any basis to impute individual liability.  <u>See</u> <u>Pierson</u>, 619 F. Supp. 2d at 1273.  Such a count does not provide fair notice of the basis of the claim to the other eleven defendants.

Unlike Count I, the incorporation of all the prior paragraphs into Count II does create a pleading deficiency which alone would result in dismissal of Count II as a shotgun pleading.  While plaintiffs may incorporate pertinent background allegations, they may not incorporate prior counts into each succeeding count.  <u>McDowell v. Gonzalez</u>, 820 F. App'x 989, 990 (11th Cir. 2020) ("Shotgun pleadings include complaints that: (1) contain multiple

counts where each count adopts the allegations of all preceding counts; . . . ").

Count II of the Amended Complaint is dismissed without prejudice pursuant to Rule 12(b)(6).

**C. Count III — Harassment**

In Count III, plaintiffs allege that all defendants harassed plaintiff Ardis Balis though a course of verbal confrontation and emails, including "the suggestion of physical violence." (Doc. #35-1, ¶ 65.) Three specific actions by defendant Franco are specifically identified. (Id. at ¶¶ 66-68.) Plaintiffs further allege that defendants harassed plaintiff Petrilli by engaging in verbal assaults and intimidation, which caused Petrilli to sell her condominium unit "substantially below fair market value." (Id. at ¶ 70.)

There is no common law claim of harassment as an independent tort under Florida law. Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989); Doe v. Footstar Corp., 980 So. 2d 1266, 1267 (Fla. 2d DCA 2008); Jackman v. 20th Judicial Circuit Court Admin., No. 2:19-cv-828-FtM-38MRM, 2020 U.S. Dist. LEXIS 121037, at *10 (M.D. Fla. July 10, 2020); Smith v. Am. Online, Inc., 499 F. Supp. 2d 1251, 1267 (M.D. Fla. 2007).[3]

---

[3] In their Opposition, plaintiffs assert that Gerber v. Vincent's Men's Hairstyling, Inc., 57 So. 3d 935 (Fla. 4th DCA 2011) recognizes the common law tort of harassment and sexual harassment. (Doc. #32, pp. 15-16, 23-24.) Contrary to plaintiffs'

Accordingly, this count must be dismissed with prejudice for failure to state a claim.[4]

Since Florida does not recognize a generalized claim of harassment, Count III of the Amended Complaint is therefore dismissed with prejudice pursuant to Rule 12(b)(6).

**D. Count IV — Defamation of Character**

Count IV is brought by all "plaintiffs" and asserts that plaintiff Balis was defamed when defendant Franco falsely called Balis a "liar."   The other defendants are alleged to have later "published and communicated" this false statement during meetings of condominium owners and "otherwise and elsewhere," knowing it was false. (Doc. #35-1, ¶¶ 72-73.) Plaintiffs claim that such

---

assertion, in Gerber the court recognized there is _no_ new cause of action for common law negligence for sexual harassment. In doing so, the Gerber court discussed Byrd v. Richardson-Greenshields Sec., Inc., 552 So. 2d 1099 (Fla. 1989), and noted that while the Florida Supreme Court stated that Florida's workers' compensation act covered a "wide variety of injuries caused by intentional torts . . ." it did not recognize a new cause of action for common law negligence for sexual harassment. Gerber, 57 So. 3d at 938.

[4] Additionally, this count suffers from similar pleading defects as Count II.   There is no factual basis to show the "defendants" engaged in harassment, other than Lou Franco. Likewise, there is also no factual basis to establish the standing of any plaintiff other than Ardis Balis and Anne Marie Petrilli, even if a harassment cause of action could be stated. See Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1038 (11th Cir. 2008) (a litigant must have standing before he or she may bring a lawsuit in federal court). Lastly, Count III improperly incorporates both prior counts (Doc. #35-1, ¶ 64), which alone warrants dismissal. See McDowell, 820 F. App'x at 990.

behavior was hurtful and intentional, and meant to "personally and to adversely affect her [Balis'] standing with the community at EWV [Edgewater]."  (Id. at ¶¶ 71-74.)

"A claim of defamation requires 'the following five elements: (1) publication [to a third party]; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory.'"  Kieffer v. Atheists of Fla., Inc., 269 So. 3d 656, 659 (Fla. 2d DCA 2019)(citations omitted.) "True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment."  Turner v. Wells, 879 F. 3d 1254, 1262 (11th Cir. 2018).  In Florida, whether a statement is one of fact or opinion is a question of law for the court and not a jury.  Skupin v. Hemisphere Media Grp., Inc., 45 Fla. L. Weekly D2393 (Fla. 3d DCA Oct. 21, 2020).  "When the court makes these determinations, it 'must construe the statement in its totality, examining not merely a particular phrase or sentence, but all the words used in the publication.'"  Skupin, 45 Fla. L. Weekly D2393 (Fla. 3d DCA Oct. 21, 2020)(citations omitted.) Stating that a person lied can be actionable as defamation.  Blake v. Giustibelli, 182 So. 3d 881, 884 (Fla. 4th DCA 2016); Milkovich v. Lorain J. Co., 497 U.S. 1 (1990).

With the exception of plaintiff Balis, Count IV does not plausibly allege any basis upon which the other plaintiffs could have standing to pursue a defamation claim against any defendant.[5] See Young Apartments, Inc., 529 F.3d at 1038. Additionally, the incorporation of prior counts (Doc. #35-1, ¶ 71) results in Count IV being an impermissible shotgun pleading. See McDowell, 820 F. App'x at 990. Even as to defendant Franco, Count IV is vague and conclusory, with insufficient facts to plausibly set forth a defamation claim as to each defendant. See Ashcroft, 129 S. Ct. at 1949. For all of these reasons, Count IV must be dismissed.

Defendants argue that the defamation count must be dismissed for failure to give pre-suit notice, as required by Fla. Stat. § 770.01. It is true that failure to comply with the notice provisions of section 770.01 requires dismissal of the complaint for failure to state a cause of action. Mancini v. Personalized Air Conditioning & Heating, Inc., 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997). This statute only applies, however, to a publication or broadcast "in a newspaper, periodical, or other medium." Fla. Stat. § 770.01. No such medium is alleged in this claim.

---

[5] To establish standing, a plaintiff must show that: (1) plaintiff has suffered an actual or threatened injury; (2) plaintiff's injury is fairly traceable to the challenged conduct of the defendant; and (3) plaintiff's injury is likely to be redressed by a favorable ruling. Bank of Am. Corp. v. Kachkar (In re Kachkar), 769 F. App'x 673, 680 (11th Cir. 2019).

The Court dismisses Count IV without prejudice pursuant to Rule 12(b)(6).

### E. Count V — Wrongful Conversion of Property

Count V states that plaintiffs periodically participated in an "event" and contributed funds to a game held at "the club house," and that a portion of the proceeds from the event were used by defendants to purchase furniture for the "common area club house."[6]   (Doc. #35-1, ¶¶ 76-77.)   Plaintiffs allege the defendants claimed that defendant Sheryl Franco owned the furniture and other items in the club house, and that plaintiffs could not use the furnishings.   (Id. at ¶ 77.)   Plaintiffs argue that defendant Sheryl Franco "converted association property for her own use."   (Id. at ¶ 78.)   Although somewhat ambiguous, the Court reads this count as attempting to state a claim against only defendant Sheryl Franco.

"Conversion occurs when a person asserts a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession." Est. of Villanueva ex rel. Villanueva v. Youngblood, 927 So. 2d 955, 959 (Fla. 2d DCA 2006) (quoting Ming v. Interamerican Car Rental, Inc., 913 So. 2d 650, 654 (Fla. 5th DCA 2005)).   In other words, "to state a claim

---

[6] Although the Amended Complaint does not specify, the Court presumes that the "common area club house" refers to the Edgewater Village's club house.   See (Doc. #35-1, ¶¶ 75-78.)

for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property." Spradley v. Spradley, 213 So. 3d 1042, 1044 (Fla. Dist. Ct. App. 2017) (quoting Edwards v. Landsman, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011)). "Where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred." Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman) Ltd., 450 So. 2d 1157, 1161 (Fla. 3d DCA 1984).

The Court finds that Count V states a plausible claim of conversion against Sheryl Franco.  A condominium owner has a right to use common elements, including Association-owned property placed in common areas.  Fla. Stat §§ 718.102(3), and 718.106(3). This count must be dismissed without prejudice, however, because its incorporation of all the prior counts (Doc. #35-1, ¶ 75) renders it a shotgun count.  See McDowell, 820 F. App'x at 990.

Count V is therefore dismissed without prejudice pursuant to Rule 12(b)(6).

**F. Count VI — Board Action Beyond Its Authority**

Count VI alleges the following:

EWV is in a designated Zone A Flood Area, whereby EWV is required to have flood insurance in order to be reimbursed for flooding, and for potential buyers of units to obtain mortgages. Defendant Franco and defendants wrongfully terminated flood insurance and refuse to have it reinstated for EWV, causing substantial reduction in the value of pro se plaintiffs'

- 18 -

> units and exposing the plaintiff unit owners to
> uncovered flood damage. In addition, terminating flood
> insurance reduced the value [of] each pro se plaintiffs'
> units by at least 30% (or $100,000 in the aggregate).

(Doc. #35-1, ¶ 80.)

The Court finds there are substantive and procedural shortcomings in Count VI that justify dismissal. First, the allegations, even if true, do not sufficiently state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. This is so, because Count VI does not provide a factual basis upon which the named defendants had an obligation or duty to ensure flood insurance was maintained. Plaintiffs have also "lump[ed] all the defendants together in [this] claim" and provided no factual basis to distinguish their conduct. Pierson, 619 F. Supp. 2d at 1273; Fed. R. Civ. P. 8(a)(2). Secondly, plaintiffs have committed the fatal error of impermissibly incorporating allegations from previous counts in Count VI (Doc. #35-1, ¶ 79), making it a shotgun count. See McDowell, 820 F. App'x at 990.

Despite the caption, and contrary to defendants' assertion, Count VI is not asserting a cause of action against the condominium Board or the Association that would make the Edgewater Condominium Association an indispensable party.[7] See Fed. R. Civ. P. 19(a).

---

[7] In addition, defendants assert Count VI should also be dismissed because plaintiffs were required to engage in mandatory non-binding arbitration and mediation pursuant to Florida Statute § 718.1255(4)(a) as a condition precedent to commencing litigation. (Doc. #26, pp. 12-13.) Section 718.1255(1)(a)-(c)

In light of the foregoing, Count VI does not state any viable cause of action against any defendant, and therefore the Court dismisses Count VI without prejudice.

**G. Count VII — Voter Fraud**

Count VII alleges a claim for "voter fraud" based upon plaintiffs' belief that defendants "Franco" and "Martin" intentionally opened or directed the opening of ballots in a "significant time in advance of the election" in order to substitute false ballots. (Doc. #35-1, ¶¶ 83-84.) Plaintiffs allege that defendants Franco and Martin's actions violated Florida Condominium Law Chapter 78, which requires that "this envelope needs to be distinctive and recognizable as containing a sealed ballot so that it is not inadvertently opened before the election." (Id. at ¶ 83.)

Defendants assert this claim should be dismissed for multiple reasons, one of which is that Section 718.1255 requires non-binding arbitration as a condition precedent to bringing this claim in an action before the Court. (Doc. #26, pp. 13-15.) The Court agrees.

Disputes between two or more parties that involve the failure of the governing body to "properly conduct elections" require a

---

identifies only certain "disputes" that are subject to non-binding arbitration, none of which are identified by defendants as a basis for arbitrating this cause of action. The Court finds that a dispute about whether defendants wrongfully terminated flood insurance is not a covered dispute under Section 718.1255.

petition filed with the Division of Florida Land Sales, Condominiums, and Mobile Homes of the Department of Business and Professional Regulation ("the Division") for mandatory non-binding arbitration. Fla. Stat. §§ 718.1255(1)(b)(1), (4)(a); Abraham v. Sandy Cove 3 Ass'n, No. 8:09-cv-107-T-30EAJ, 2009 U.S. Dist. LEXIS 51498, *3-4, (M.D. Fla. June 4, 2009). Plaintiffs have not alleged that they petitioned the Division prior to commencing this litigation. The petition for non-binding arbitration is a condition precedent to filing a lawsuit for this claim, and as such, dismissal of Count VII is proper. Neate v. Cypress Club Condo., 718 So.2d 390, 393 (Fla. 4th DCA 1998)(holding that "[t]he violation of a condition precedent to filing an action in court should properly be a dismissal, not a stay[,]" pending arbitration."). Accordingly, Count VII is dismissed without prejudice.[8]

---

[8] Not unlike previous counts in the Amended Complaint, dismissal of Count VII would be justified because it is a shotgun count (Doc. #35-1, ¶ 82) due to the incorporation of all prior counts. See McDowell, 820 F. App'x at 990. Further, Count VII would be dismissed as to all the other defendants who do not bear the last name "Martin" or "Franco" because there are no facts alleged as to these defendants that would state a claim upon which plaintiffs are entitled to relief. See Twombly, 550 U.S. at 570); see also Pierson, 619 F. Supp. 2d at 1273. For similar reasons, dismissal of this count is proper as to both "Franco" and "Martin" because the count did not specify whether Mr. or Mrs. Martin or Mr. or Mrs. Franco are the intended defendants. See id.

**H. Count VIII — Sexual Harassment**

Count VIII of the Amended Complaint alleges that on several occasions defendant "Franco," while at the pool area, has reached down into his bathing suit and improperly touched his genitalia. (Doc. #35-1, ¶ 86.) Plaintiffs allege this action was witnessed by plaintiff Maddox and Ms. Huchin and caused them extreme emotional distress (physically and mentally). (Id.)

As with claims of harassment, Florida does not recognize a common law claim of sexual harassment as an independent tort. See e.g., Jackman v. 20th Judicial Circuit Court Admin., No. 2:19-cv-828-FtM-38MRM, 2020 U.S. Dist. LEXIS 121037, at *10 (M.D. Fla. July 10, 2020; Smith v. Am. Online, Inc., 499 F. Supp. 2d 1251, 1267 (M.D. Fla. 2007); Footstar Corp. v. Doe, 932 So. 2d 1272, 1274 (Fla. 2d DCA 2006). The Court dismisses Count VIII with prejudice since it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**I. Count IX — Failure To Provide Requested Documents/Destruction of Material Documents**

Count IX of the Amended Complaint alleges that plaintiff Balis asked defendant [John] Martin to provide "certain financial and other association documents required to be made available to unit owners pursuant to Florida Condominium Law," but defendant Martin refused to do so and claimed that many of the documents were destroyed. (Doc. #35-1, ¶¶ 89-90.)  As stated, the Court reads

Count IX as attempting to allege a cause of action against only John Martin.

The Court finds that dismissal of Count IX is proper as it concerns a claim that Association records were not provided to plaintiff Balis upon request. Section 718.1255 states that parties to disputes regarding the failure of a governing body of a condominium association to allow inspection of its books and records are required to petition the Division of Florida Land Sales, Condominiums, and Mobile Homes of the Department of Business and Professional Regulation for mandatory non-binding arbitration. Fla. Stat. §§ 718.1255(b)(4), (4)(a). Again, plaintiffs were required to petition the Division prior to commencing litigation as to this cause of action. Count IX is therefore dismissed for failing to engage in mandatory non-binding arbitration. See Neate v. Cypress Club Condo., 718 So.2d at 393.

Alternatively, the Court finds that dismissal of Count IX is proper as it incorrectly incorporates all prior eight counts (Doc. #35-1, ¶ 88) of the Amended Complaint, and is thus a shotgun count. See McDowell, 820 F. App'x at 990.

Count IX is therefore dismissed without prejudice.

**J. Count X—Negligence**

Finally, Count X alleges that "Defendants left the premises in June 2020 without arranging for suitable maintenance of the complex—no one to clean rest rooms, surrounding pool areas or any

common areas." (Doc. #35-1, ¶ 92.) It is further alleged that defendant Martin selected Jim Ardolino (a condominium unit owner) as the "on-premises supervisor," but he is not qualified to administer the facility because he refuses to maintain the complex. (Id. at ¶¶ 93-94.) Plaintiffs also allege that Mr. Ardolino may have stolen approximately $500 worth of liquor from a condominium unit while the owners were not present. (Id. at ¶ 95.)

The Court finds that plaintiffs have failed to state a negligence claim upon which relief may be granted under Rule 12(b)(6). A claim for negligence requires: (1) the existence of a duty; (2) breach of that duty; (3) the breach of the duty was the proximate cause of injury; and (4) actual loss or damages. Tank Tech, Inc. v. Valley Tank Testing, L.L.C., 244 So. 3d 383, 392 (Fla. 2d DCA 2018). Here, plaintiffs have not sufficiently alleged any facts demonstrating each defendant owed plaintiffs a duty to arrange for suitable maintenance of Edgewater's common areas (and elements), or that a breach of that duty was the proximate cause of any loss or damages. Instead, plaintiffs appear to allege that they find defendant Martin's choice in selecting Mr. Ardolino to be inadequate. And while plaintiffs allege Mr. Ardolino may have stolen property of another unit owner, the Amended Complaint fails to provide any facts showing plaintiffs suffered loss or damage due to defendants' negligence. The Court therefore dismisses Count X without prejudice.

The Court has serious questions concerning whether many of the counts in the Amended Complaint are capable of being adequately pled, whether the federal amount in controversy can be satisfied, and whether plaintiffs can assert their claims in a single complaint.  The Court will allow plaintiffs one more opportunity to plead proper causes of action against proper defendants in accordance with the Federal Rules of Civil Procedure.

For additional resources and assistance, plaintiffs may wish to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm.  The website provides guidelines for filing (in light of the Coronavirus), answers to frequently-asked questions, a glossary of legal terms, and sample forms.  There is also a link that, through a series of questions, may help plaintiffs generate an amended complaint. See https://www.flmd.uscourts.gov/forms/all/litigants-without-lawyers-forms.

Finally, some general instructions for filing a complaint include: the amended complaint must (1) assert each claim in a separate numbered count, (2) clearly identify the specific defendant(s) against whom each claim is asserted, (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted, (4) avoid vague, generalized, conclusory, contradictory or

irrelevant assertions, and (5) avoid incorporating prior counts into those which follow.

Accordingly, it is hereby

**ORDERED**:

1. The Amended Complaint (Doc. #5) is **DISMISSED** without prejudice.

2. Plaintiffs may file a second amended complaint within 30 days of this Opinion and Order.  Failure to do so will result in closure of the case without further order.

**DONE** and **ORDERED** at Fort Myers, Florida, this ___18th___ day of December, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

- 26 -