UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARDIS BALIS,
LORI MADDOX,
GAY SANTARSIERO,
ANNE MARIE PATRELLI,
FRANCES FRANCIONE, and
LINDA SQUADRITO,

    Plaintiffs,

v.                                      Case No. 2:20-cv-435-JES-NPM

JOHN MARTIN,
LOU FRANCO,
ALEX CHEPURNY,
SHERYL FRANCO, and
SUSAN PERRIER,

    Defendants.

## ORDER

Before the Court are Defendants Motion to Strike Opposition to Motion to Dismiss Second Amended Complaint (Doc. 50) and Plaintiffs' (who are proceeding without counsel) Opposition (Doc. 51). In addition, Plaintiffs included a Request for Sanctions Against Attorney Trisha Ryan (Doc. 51) in their opposition. Briefly, this action involves, among other things, Defendants' allegedly improper closing and failing to maintain access to common areas and amenities at a condominium complex. (Doc. 44).

After the Court granted a Motion to Dismiss (Doc. 43), Plaintiffs filed a Second Amended Complaint (Doc. 44). Thereafter, on February 1, 2021, Defendants filed another Motion to Dismiss (Doc. 45) that remains pending. Plaintiffs then filed a response on March 15, 2021.

Defendants now move to strike the response, claiming it was untimely. Defendants also move to dismiss the action with prejudice, and award attorney's fees and costs. (Doc. 50, pp. 1-2). Before addressing the merits of the motion to strike, the Court finds the motion procedurally deficient. While citing Local Rule 3.01(c) in the motion, Defendants failed to comply with Local Rule 3.01(g)(1), which provides: "Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." In addition, Defendants failed to include a separate certification regarding the conferral. *See* M.D. Fla. R. 3.01(g)(2). On this basis alone, the motion is due to be denied.

While the Court agrees the response is untimely,[1] Local Rule 3.01(c) states that when "a party fails to respond, the motion is subject to treatment as unopposed." Here, Plaintiffs did not fail to respond and the law favors dispositions on the merits

---

[1] While Plaintiffs state they "were precluded from moving forward with their Opposition pending the Court's decision regarding its Order to Show Cause" (Doc. 51, p. 3), an order to show cause does not operate to stay the proceedings or toll a deadline.

2

rather than procedural defaults. The Court therefore accepts Plaintiff's Response (Doc. 49).

Plaintiffs move to sanction Defendants' attorney for filing the motion to strike. But Plaintiffs also failed to comply with Local Rule 3.01(g) before requesting relief, and on this basis alone, the motion is due to be denied. In addition, the Court finds counsel's actions do not rise to the level of sanctionable conduct.

Accordingly, the Motion to Strike Opposition to Motion to Dismiss Second Amended Complaint (Doc. 50) is **DENIED** and the Motion to Sanction Counsel (Doc. 51) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 23, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE