UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAY SANTARSIERO, LORI MADDOX, LINDA SQUADRITO, FRANCES FRANCIONE, ARDIS BALIS, AND ANNE MARIE PETRILLI,

    Plaintiffs,

v.                      Case No: 2:20-cv-00435-FtM-29NPM

JOHN MARTIN, LOU FRANCO, ALEX CHEPURNY, SHERYL FRANCO, and SUSAN PERRIER,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Doc. #57) filed on July 26, 2021. For the reasons set forth below, the Motion to Dismiss is granted, and the Second Amended Complaint is dismissed with prejudice.

**I.**

As the parties are aware, this case involves an ongoing dispute over access to and maintenance of common areas and amenities in the Edgewater Village (Edgewater) condominium complex in Florida. The dispute has arisen between six *pro se* Florida plaintiffs and five Canadian defendants, all of whom reside at Edgewater. (Doc. #44, ¶¶ 2-3, 8-18.)

On January 19, 2021, the Plaintiffs filed a Second Amended Complaint (SAC), asserting federal jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332(a)(2). (Id., ¶¶ 1-4.) Defendants timely filed a motion to dismiss the SAC in its entirety. (Doc. #44.) On July 8, 2021, the Court issued an Opinion and Order granting in part and denying in part Defendants' motion. (Doc. #53.) Specifically, the Court dismissed with prejudice Count I through X and Count XII through Count XIV (Id., p. 34), which left one remaining claim — Count XI – Wrongful Conversion of Property against defendant Sheryl Franco. (Id., p. 35.) Plaintiffs were directed to "show cause within (14) fourteen days why the $75,000 jurisdictional amount is satisfied as to this count." (Id.)

On July 22, 2021, Plaintiffs timely filed their "Show Cause" to establish that the jurisdictional amount was "more than met." (Doc. #54.) Plaintiffs state that their damages are "no less than $200,000 . . . stemming from the conversion of Association property by Sheryl Franco and the damages sustained by [plaintiff Anne Marie] Petrilli."[1] (Id., p. 4.) Plaintiffs allege that on an

---

[1] Although Plaintiffs claim that they have suffered no less than $200,000 in direct damages stemming from Sheryl Franco allegedly converting Association property, Plaintiffs' "show cause" motion is only signed by plaintiffs Ardis Balis and Anne Marie Petrilli. (Doc. #54, p. 5.) Because Balis and Petrilli are not attorneys, they may not sign this pleading on behalf of the other plaintiffs. See Fed. R. Civ. P. 11(a)("Every pleading . . . must be signed . . . by a party personally if the party is

unknown date plaintiff Petrilli lost an "all cash offer" in the amount of $120,000 for an Edgewater condominium unit she had for sale, after the prospective buyer learned that "there was an issue concerning property conversion by one of the Unit Owners." (Id., ¶¶ 6-7, 12, p. 4.) Similarly, plaintiff Petrilli lost a second offer to purchase another Edgewater condominium unit she had for sale for $129,000[2], which according to Plaintiffs, occurred after the buyer learned "of the complete absence of condo furniture for use on the premises and the inability to see the clubhouse because it was filled with stored furniture." (Id., ¶¶ 15-16.)

Defendants move for dismissal, arguing that Plaintiffs have failed to allege damages relating to the value of the property at the time of the alleged conversion. (Doc. #57, ¶¶ 5-6.) Defendants assert that Plaintiffs have instead alleged damages suffered by Petrilli's sales losses that are only incidental to any conversion of property, which is not sufficient to establish the requisite amount in controversy. (Id.) The Court agrees.

---

unrepresented."); see also Turner v. Cunningham, No. 08-0249-WSM, 2008 WL 2157113, at *1 n.2 (S.D. Ala. May 20, 2008)("One [pro se] plaintiff cannot sign on behalf of the others, for the simple reason that a pro se plaintiff cannot represent other pro se plaintiffs in legal proceedings in federal court."). Accordingly, Balis and Petrilli are the only proper plaintiffs who may assert damages.

[2] Plaintiffs state that Petrilli owed $49,000 on this unit and stood to make a profit of $80,000 if she had sold the unit for $129,000. (Doc. #54, ¶ 15.)

As the Court noted in its previous Opinion and Order,

> Under Florida law, "conversion occurs when a person asserts a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession." Harvey v. United States, No. 15-CV-24012-ALTONAGA, 2020 U.S. Dist. LEXIS 75356, at *45-46 (S.D. Fla. Apr. 28, 2020) (quoting Spradley v. Spradley, 213 So.3d 1042, 1044 (Fla. 2d DCA 2017) (internal citations and quotations omitted)). . .

(Doc. #53, p. 25.) "The correct measure of damages in conversion is the fair market value of the property on the date of the conversion." Versilia Supply Serv. SRL v. M/Y Waku, No. 18-62975-CIV-COHN/STRAUSS, 2021 U.S. Dist. LEXIS 12893, at *59 (S.D. Fla. Jan. 22, 2021) (citing Haskell Co. v. Peeples Constr. Co., Inc., 648 So. 2d 833, 834 (Fla. 1st DCA 1995)). "Fair market value is generally defined as what a willing buyer would pay to a willing seller, neither party being obligated to act." Dep't of Agric. & Consumer Servs. v. Polk, 568 So. 2d 35, 41 (Fla. 1990). This relates to the value of the property converted. See Nat'l Ventures, Inc. v. Water Glades 300 Condo. Ass'n, 847 So. 2d 1070, 1073 (Fla. 4th DCA 2003) (recovery of damages is the full value of the chattel at the time and place of the conversion).

Here, Plaintiffs initially alleged that Sheryl Franco had asserted a right of dominion over "furniture and furnishings" that were locked up in the Edgewater clubhouse, depriving Plaintiffs' of their right of possession. (Doc. #44, ¶¶ 177-182.)

Plaintiffs, however, have not alleged any damages relating to the value of the property at the time and place it was allegedly converted by defendant Sheryl Franco.  See Rick Foley v. Robert H. Dick, 463 So. 2d 139 (Fla. 2nd DCA 1983).  Thus, the Court finds that Plaintiffs have failed to demonstrate the amount in controversy exceeds $75,000 as to their sole remaining conversion claim.  Defendants' motion is therefore granted.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #57) is **GRANTED.**

2. The Second Amended Complaint (Doc. #44) is **DISMISSED** without prejudice.

3. Plaintiffs are provided one more opportunity to show cause within fourteen (14) days why the $75,000 jurisdictional amount is satisfied as to Count XI.

**DONE** and **ORDERED** at Fort Myers, Florida, this ___20th___ day of December, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record